IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | § | |
|---|---|---|
| BRIAN MATTHEW BROWN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-951-A |
| | § | (NO. 4:16-CR-132-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Brian Matthew Brown ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, the memorandum of law in support thereof, movant's declaration[1], the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-132-A, styled "United States of America v. Charles Ben Bounds, et al.," the court has concluded that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On May 18, 2016, movant was named in a one-count superseding indictment charging him with conspiracy to possess with intent to

---
[1] The declaration is attached to a document titled "Motion to Expand the Record."

distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[2] 215. On June 22, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 306. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 308. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 1285.

---

[2]The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.

The probation officer prepared the PSR, which reflected that movant's base offense level was 36. CR Doc. 712, ¶ 34. Movant received a two-level enhancement for possession of a firearm, id. ¶ 35, and a two-level and one-level reduction for acceptance of responsibility, id. ¶¶ 41, 42, making his total offense level 35. Id. ¶ 43. Based on his total offense level and criminal history category of VI, movant's guideline imprisonment range was 292 to 365 months. Id. ¶ 101. The PSR noted that the court might depart upward taking into consideration that movant received methamphetamine in exchange for six firearms. Id. ¶ 115. It also noted that a sentence outside the advisory guideline system was warranted because movant had been convicted previously of a felony offense and possessed firearms during the course of the offense for which he was indicted. Id. ¶ 116.

Movant filed objections to the PSR. CR Doc. 897. The probation officer prepared an addendum to the PSR. CR Doc. 839. Because of a change in drug quantity, movant's base offense level became 34 and the total offense level became 33. Id. ¶¶ 34, 43. Movant's guideline range became 235 to 293 months. Id. ¶ 101.

On December 2, 2016, movant was sentenced to a term of imprisonment of 293 months. CR Doc. 884. The court recited reasons why a sentence above the guideline range would be appropriate, but gave movant "the benefit of the doubt," and

3

sentenced within the guideline range. CR Doc. 1286 at 8. The court noted that it had misgivings about the adequacy of the sentence, but had concluded that it would satisfy the objectives of sentencing contemplated by 18 U.S.C. § 3553(a). Id. at 8-9.

Movant appealed, CR Doc. 923, and the judgment was affirmed. United States v. Brown, 697 F. App'x 425 (5th Cir. 2017).

## II.

### Ground of the Motion

Movant asserts one ground in support of his motion. He says that his plea was not knowingly, intelligently, and voluntarily entered as a result of ineffective assistance of counsel. Doc.[3] 1 at PageID[4] 4. Movant alleges that he pleaded guilty because his counsel assured him he would receive a sentence of roughly 15 years' imprisonment if he did so.

## III.

### Standards of Review

A. **28 U.S.C. § 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S.

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[4] The "PageID __" reference is to the page number assigned by the court's electronic filing system.

4

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of

6

deficient performance and prejudice is not sufficient to meet the
Strickland test. <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir.
2000).

IV.

<u>Analysis</u>

Movant says that he would not have pleaded guilty but for
the assurance of his counsel that he would be sentenced to
roughly fifteen years' imprisonment. The record belies these
allegations. As recited above, the court reviewed with movant
that his sentencing would be based on the actual facts and that
he would be bound by his plea. Movant acknowledged under oath
that he understood that the guideline range could not be
calculated until preparation of the PSR, that the sentence could
be more severe or less severe than the recommended guideline
range, and that movant faced a maximum forty year term of
imprisonment, among other things.

Movant has failed to present the court with anything that
would cause the court to conclude that any aspect of his motion
has the slightest merit. "Solemn declarations in open court carry
a strong presumption of verity." <u>Blackledge v. Allison</u>, 431 U.S.
63, 74 (1977). For a defendant who seeks habeas relief on the
basis of alleged promises inconsistent with representations he
made in open court when entering his plea of guilty to prevail,

he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." <u>United States v. Cervantes</u>, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." <u>Id.</u>. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." <u>Id.</u> See also <u>United States v. Fuller</u>, 769 F.2d 1095, 1099 (5th Cir. 1985). Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. <u>Bradshaw v. Stumpf</u>, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing.

V.

<u>Order</u>

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED February 27, 2019.

_____
JOHN MCBRYDE
United States District Judge